MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

S. WAQAR HASIB (CABN 234818)
ALEXANDRA P. SUMMER (CABN 266485)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-69821
    waqar.hasib@usdoj.gov
    alexandra.summer@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANTONIO JOSE DIAZ-RIVERA, a/k/a <br>    Jose Angel MONROY, a/k/a Magico, <br>    a/k/a Miguel, <br> et. al,, <br><br> Defendant. | CR-12-0030-EMC (EDL) <br><br> UNITED STATES' RESPONSE TO DEFENDANTS' MEMORANDUM RE IN CAMERA REVIEW |

On January 10, 2014, this Court issued an order granting in part and denying in part the defendants' motion to compel discovery. The Court also ordered the United States to submit certain administrative subpoenas and their returns *in camera* for the Court to review, and allowed the parties to submit briefs if they so desired, to provide the Court with guidance for its *in camera* review.

The United States does not believe the Court needs any further briefing or guidance from the parties to conduct its *in camera* review. As the United States argued during the hearing in this matter, the subpoenas and returns that the United States anticipates submitting for the *in camera* review do not

UNITED STATES' MEMORANDUM
CR-12-0030 EMC (EDL)

1  constitute *Brady* material or Rule 16 material, and there is no other basis upon which the defendants are
2  entitled to them.  Indeed, the defendants already *have* all of the subpoena returns, in electronic format,
3  and referred to them as an exhibit in their motion to compel discovery.  Def. Motion to Compel, Exhibit
4  R, Docket No. 230.

5  Nonetheless, the United States files this response to correct and clarify some matters raised by
6  the defendants in their brief.  First, the defendants, citing to 21 U.S.C. § 876, claim that the Court should
7  ensure that all administrative subpoenas were issued by an attorney for the government.  This is a new
8  argument that was not raised during the hearing in this matter.  In any event, it is not a very good one.
9  Section 876 allows the "Attorney General" to subpoena witnesses; agents of the Drug Enforcement
10 Administration are, of course, employees of the Attorney General.  Nowhere does Section 876 require
11 subpoenas to be issued specifically by an attorney for the government.

12 The defendants also ask the Court to require the United States to produce any returns to the
13 administrative subpoenas in question in electronic format, so that the Court may examine any metadata.
14 The United States is uncertain at this point whether it would be able to comply with any such order;
15 some subpoena responses may have been received in paper format only, others in electronic format.
16 Regardless, the United States will submit to the Court whatever it has in its possession that is responsive
17 to the Court's order.  The United States hopes to be able to collect all responsive materials by the close
18 of business on January 13, 2014.  If there is any delay beyond that point, the United States will advise
19 the Court accordingly.

20 DATED: January 10, 2014                           Respectfully submitted,

21                                                  MELINDA HAAG
                                                    United States Attorney
22
                                                    /s/ S. Waqar Hasib
23                                                  S. WAQAR HASIB
                                                    ALEXANDRA P. SUMMER
24                                                  Assistant United States Attorney

25

26

27

28

UNITED STATES' MEMORANDUM
CR-12-0030 EMC (EDL)